**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

APR 12 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JOHN MICHAEL CRIM, | No. 13-16085 |
| Plaintiff - Appellant, | D.C. No. 1:12-cv-01089-LJO-DLB |
| v. | |
| CYNTHIA MANN and DALE PATRICK, | MEMORANDUM[*] |
| Defendants - Appellees. | |

| | |
|---|---|
| JOHN MICHAEL CRIM, | No. 13-16660 |
| Plaintiff - Appellant, | D.C. No. 1:09-cv-02041-AWI-GSA |
| v. | |
| MANAGEMENT & TRAINING CORPORATION; et al., | |
| Defendants - Appellees. | |

| | |
|---|---|
| JOHN MICHAEL CRIM, | No. 14-17482 |
| Plaintiff - Appellant, | D.C. No. 1:12-cv-01340-AWI-GSA |

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

v.

MANAGEMENT & TRAINING CORP.;
et al.,

        Defendants - Appellees.

Appeal from the United States District Court
for the Eastern District of California
Lawrence J. O'Neill, District Judge, Presiding
Anthony W. Ishii, District Judge, Presiding

Argued and Submitted January 12, 2017
San Francisco, California

Before: WALLACE and M. SMITH, Circuit Judges, and ERICKSON,[**]
      District Judge.

John Michael Crim, a former federal prisoner, appeals from the district court's dismissal of three civil rights actions he filed *pro se* while incarcerated at Taft Correctional Institution. Crim alleges constitutional violations against Management & Training Corporation (MTC), the private entity that administers Taft, as well as employees of MTC.

In the first action (13-16660), the district court dismissed Crim's third amended complaint for lack of subject matter jurisdiction. Because it is not clear

---

[**] The Honorable Ralph R. Erickson, United States District Judge for the District of North Dakota, sitting by designation.

from the face of the complaint whether Crim intended to proceed under 42 U.S.C. § 1983 or *Bivens*, the magistrate judge construed the complaint as proceeding under *Bivens* and recommended dismissal of all but one claim. When Crim objected on grounds that his complaint did not involve federal officials, the magistrate judge issued a supplemental recommendation that Crim's complaint be dismissed for lack of subject matter jurisdiction instead. The district court erred in adopting the supplemental report and recommendation because a failure to state a claim properly does not divest a district court of subject matter jurisdiction. *See Morrison v. Nat'l Austl. Bank Ltd.*, 561 U.S. 247, 254 (2010) ("Subject-matter jurisdiction . . . refers to a tribunal's power to hear a case . . . . It presents an issue quite separate from the question whether the allegations the plaintiff makes entitle him to relief.") (internal quotation marks and citations omitted).

In the second action (13-16085), the district court screened Crim's complaint and dismissed with prejudice for failure to state a claim. The complaint in the second action was initially filed with the third amended complaint in the first action, but was subsequently opened as a separate case. Although discussed at length in the opening brief, the complaint in the second action does not raise a First Amendment claim and does not name Tiarra Stewart as a defendant. Crim does not raise any argument that the claims actually made in the complaint were improperly

3

dismissed, so he has waived any issues on appeal. *See Cruz v. Int'l Collection Corp.*, 673 F.3d 991, 998 (9th Cir. 2012) ("We review only issues which are argued specifically and distinctly in a party's opening brief." (quotation marks omitted)). The district court did not abuse its discretion in failing to grant leave to amend because Crim was previously allowed two opportunities to amend in the first action before the case was split.

In the third action (14-17482), the district court screened Crim's complaint and eventually dismissed for failure to state a claim. The district court's order does not address the sufficiency of the complaint's claims, and instead refers only to a motion Crim had previously filed for access to a law library. The district court erred in failing to consider Crim's complaint independently of his motion for library access. *See* 28 U.S.C. § 1915A (referring to screening of "a complaint"). Accordingly, the district court also erred in deeming the third action a "strike" for purposes of 28 U.S.C. § 1915(g).

The first action (13-16660) is **REVERSED AND REMANDED** for the district court to consider whether Crim's third amended complaint states a claim. If the district court determines that Crim's complaint can be liberally construed as proceeding against the individual defendants under a *Bivens* theory of liability, the district court should also determine whether *Bivens* liability extends to his claims.

4

*See Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (holding *pro se* complaints should be liberally construed). The second action (13-16085) is **AFFIRMED**. The third action (14-17482) is **REVERSED AND REMANDED** for the district court to consider Crim's complaint in the first instance.

Appellees' motion for judicial notice is **DENIED**.